United States District Court
Southern District of Texas
**ENTERED**
September 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| XAVIER MORQUISE DANGERFIELD, § § Plaintiff, § VS. § HARRIS COUNTY SHERIFF OFFICE § and § HARRIS COUNTY § and § HARRIS COUNTY DISTRICT OFFICE, § § Defendants. § | CIVIL ACTION NO. 4:20-CV-2437 |

## ORDER OF DISMISSAL

Harris County jail inmate Xavier Morquise Dangerfield filed a lawsuit under 42 U.S.C § 1983. He alleges that the defendants have failed to comply with CDC guidelines to prevent the spread of Covid-19 at the jail, and that he is being falsely imprisoned. Dangerfield seeks $1.5 million in damages from each defendant for mental anguish and emotional distress.

Section 1915A of title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no cognizable claims, the court must dismiss the complaint.

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *See Helling v. McKinney,* 509 U.S. 25 (1993); *Wilson v. Seiter,* 501 U.S. 294(1991); *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates," *Hudson v. Palmer,* 468 U.S. 517, 526‒527 (1984).

> It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety. Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," *Wilson, supra,* 501 U.S., at 298, 111 S.Ct., at 2324; see also *Hudson v. McMillian, supra,* 503 U.S., at 5, 112 S.Ct., at 998; a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities," *Rhodes, supra,* 452 U.S., at 347, 101 S.Ct., at 2399. For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. See *Helling, supra,* 509 U.S., at 35, 113 S.Ct., at 2481. The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson,* 501 U.S., at 297, 111 S.Ct., at 2323 (internal quotation marks, emphasis, and citations omitted). To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Ibid.;* see also *id.,* at 302–303, 111 S.Ct., at 2326 *Hudson v. McMillian, supra,* 503 U.S., at 8, 112 S.Ct., at 2480. In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, Dangerfield seeks only money damages. Complaint (Doc. # 1) at 4. He acknowledges, however, that despite the allegedly unconstitutional conditions, he has not contracted Covid-19. More Definite Statement (Doc. # 10) at 2. An inmate cannot recover for emotional damages without a showing of specific physical injury. 42 U.S.C. § 1997e(e); *Herman v. Holiday,* 238 F.3d 660, 665 (5th Cir.2001). Therefore, Dangerfield's conditions of confinement allegations fail to state a claim on which relief can be granted.

Dangerfield also alleges that he is being falsely imprisoned, but asserts no facts in support of that claim and acknowledges that he has been charged with a crime and has had a probable cause hearing. More Definite Statement at 2.

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations...." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989). Dangerfield fails to plead any facts showing that he is being unlawfully detained.

Accordingly, it is ORDERED that the Complaint (Doc. # 1) is DISMISSED pursuant to 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk shall forward a copy of this Order to: **Three_Strikes@txs.uscourts.gov**.

It is so ORDERED.

SIGNED on this 24th day of September, 2020.

_____
Kenneth M. Hoyt
United States District Judge